## RICHARDSON v. CHATFIELD.

### No. 2290. Opinion Filed January 21, 1913.

#### (129 Pac. 728.)

1. **DEEDS**—Conditions Subsequent—Performance. Evidence examined, and held sufficient to support a decree canceling a conditional deed of conveyance for failure upon the part of the grantee to keep and perform the conditions named in the deed.

2. **EVIDENCE**—Parol Evidence—Ambiguous Written Contract. If a written contract is ambiguous or obscure in its terms, so that the contractual intention of the parties cannot be understood from its inspection, extrinsic evidence of the subject-matter of the contract, of the relation of the parties to each other, and of the facts and circumstances surrounding them at the time of its execution, may be received to aid the court in the proper interpretation of the instrument.

(Syllabus by Brewer, C.)

*Error from District Court, Creek County;*
*W. L. Barnum, Judge.*

Action by Bert Chatfield against J. S. Richardson. Judgment for plaintiff, and defendant brings error. Affirmed.

*Mann & Jackson,* for plaintiff in error.

*Henry McGraw,* for defendant in error.

Opinion by BREWER, C. On March 3, 1910, Chatfield, as plaintiff, sued Richardson, as defendant, in the district court of Creek county to cancel a certain conditional conveyance of about

two acres of land, and remove the cloud upon his title caused thereby. The instrument contained the following provision:

"This deed is made with the understanding that the party of the second part is to build upon said land a cotton gin and sawmill, and it is mutually agreed between the parties hereto that this land is not to be transferred without consent of the party of the first part, and that at any time party of the second part or his successors ceases to operate·the cotton gin or mill thereon, then and in that case the land is to be immediately transferred back to the owner thereof upon the payment of the purchase price above mentioned, party of the second part, however, having privilege to remove all machinery, party of the second part to personally conduct said mill unless otherwise agreed upon."

The plaintiff alleges as grounds for the cancellation of said deed that the defendant has wholly failed to observe, perform, or execute the terms and conditions thereof, although it had been requested and demanded that he do so. By agreement of the parties a jury was waived, and the cause was submitted upon the evidence to the court, which decided the issues in favor of the plaintiff, and decreed that the defendant reconvey the land to the plaintiff, and that the deed from plaintiff to defendant be canceled and annulled.

The defendant below, as plaintiff in error here, argues two propositions:   (1) The admission of incompetent evidence.   (2) Insufficiency of the evidence.

(1)   The admission of evidence complained of is that the court permitted the notary who prepared the deed or contract in suit to explain that the operation of the cotton gin was the material or important thing in the minds of the parties as gathered from their instructions and conversation at the time the instrument was drawn; the objection being that this evidence tended to vary by parol the terms of a written instrument. Whether or not this evidence was competent depends upon the determination of whether or not the terms of the instrument are clear and unambiguous. If they are ambiguous, or the meaning of the instrument taken as a whole is doubtful, the evidence is competent. We believe the meaning of the instrument is open to doubt. The first clause of the condition requires that the grantee "build

upon said land a cotton gin and sawmill." Further on it stipulates that if the "grantee ceases to operate a cotton gin or mill" the land shall be immediately reconveyed. The plaintiff in error contends that he was only required to operate one or the other, and that, inasmuch as he did operate the sawmill, under the language of the instrument, he had fully performed its conditions. The reading of the instrument certainly leaves the question in doubt on this point. If the parties intended that the operation of the sawmill would meet the terms of the grant, why was it required that both a gin and a mill be erected? It does not seem reasonable to us that the plaintiff would have been careful to stipulate that the gin must be erected and placed on the land without any obligation upon the part of the defendant to operate. We think, therefore, that, the terms of the condition of the grant being doubtful, they were subject to the explanation.

(2) The evidence in this case was ample to support the findings and judgment of the court. These two acres involved were a portion of plaintiff's farm. The grant of the land appears to have been made as an inducement to the defendant to erect and operate a cotton gin, which would be of advantage to plaintiff, his tenants, and neighboring farms. After erecting the gin, the defendant, in the fall of 1908, ginned about 79 bales of cotton, and then declined to operate his gin further. He let it remain idle through the ginning season of 1909, also that of 1910. On this point the proof is conclusive, and we think the court was abundantly authorized to find that the condition subsequent named in the deed had not been performed. This requires the affirming of the case.

By the Court: It is so ordered.