## SCHEER v. CIHAK.

No. 3753.    Opinion Filed August 18, 1914.

(142 Pac. 1007.)

1. **LANDLORD AND TENANT—Lease—What Constitutes.** Under the circumstances shown by the record, the writing set out therein was properly construed to be a lease, and not a proposal to lease.

2. **SAME—Sale of Premises—Rights of Lessee.** The rule that stipulations in written contracts, for the purchase and sale of land, are merged in the deed executed in pursuance thereof, cannot be successfully invoked by the purchaser in an action for damages growing out of a failure to protect a lease, as stipulated in the contract for purchase.

3. **SAME—Repudiation of Lease—Liability of Purchaser.** One who agrees to purchase a farm subject to a particular lease thereon, and accepts a warranty deed for the land, and afterwards repudiates the lease, is liable in damages to the holder of such lease.

(Syllabus by Galbraith, C.)

*Error from District Court, Kay County;*
*W. M. Bowles, Judge.*

Action by William Cihak against Ed C. Scheer. Judgment for plaintiff, and defendant brings error. Affirmed.

*Sam K. Sullivan,* for plaintiff in error.

*G. A. Chappell,* for defendant in error.

Opinion by GALBRAITH, C. This appeal is to review the judgment of the district court rendered upon the verdict of a jury in an action for damages for breach of contract.

It appears from the record that the parties to this suit and one William Svoboda were citizens of the state of Illinois, and that Svoboda owned a farm of 160 acres in Kay county, Okla.; that on the 14th day of April, 1909, the defendant in error and William Svoboda entered into a written instrument which gave rise to this lawsuit. The writing is as follows:

"Edwardsville, Ill., April 14, 1909.

"Agreement Between Wm. Svoboda and Wm. Cihak on Farm Lease.

"Said William Svoboda offers to rent his farm of 160 acres located in the northeast quarter of section 24, Kildare township, Kay county, Oklahoma, to Wm. Cihak, on following terms: That Svoboda is to furnish four work horses and all necessary farm implements. Wm. Cihak is to furnish all seed and deliver for William Svoboda one-half crop, each party to pay one-half threshing. The lease commences with the fall crop of 1909 and ending 1913. During the three years Wm. Cihak has the privilege to buy the said stock and farm implements, otherwise it belongs to William Svoboda."

Subsequent to the date of this writing, William Svoboda entered into a contract to sell his Kay county farm to the plaintiff in error, and in this contract the above writing was referred to as a lease, and the plaintiff in error agreed to purchase the farm subject to the lease. The plaintiff in error then visited Kay county, Okla., for the purpose of inspecting the farm, and while there conferred with William Cihak about his lease contract and tried to purchase a release thereof, and also attempted to enter into another lease contract with him in lieu thereof, whereby Cihak would rent the farm for the same term and furnish his own teams and implements and pay the landlord one-third of the crops, and claimed to have made such contract, which Cihak denied. Afterwards the plaintiff in error returned to Illinois and accepted from William Svoboda a warranty deed for the farm. This deed contained no reference to the Cihak lease. William Cihak sold his residence in Illinois preparatory to moving to Kay county, Okla., and did come to Oklahoma and examine the land and spent a number of weeks there waiting for his

landlord to furnish him horses and implements in order that he might take charge and operate the farm under his lease contract. When the plaintiff in error failed to secure a release of this leasehold interest from Cihak, and failed to make another lease contract with him, he concluded to ignore the rights of Cihak in the premises and leased the land to another tenant, doubtless being led to do so by the fact the lease to Cihak contained a misdescription of the land and believing that on this account the lease was not a legal and binding obligation.

It is complained that the trial court erred in overruling a demurrer to the amended petition, which alleged this writing to be an offer to lease and that it was accepted orally.

This error, if any, was cured by the court at the close of the evidence when permission was given the plaintiff to amend the amended petition to conform to the proof so as to charge that the writing was a lease and not a proposal to lease. Although this amendment seems not to have been actually made, it was treated by the parties as though it had been made. We are inclined to think that the court erred in sustaining the demurrer to the petition in which the instrument was alleged to be a lease; but that error, if any, is not available to the plaintiff in error, and it was cured by the action of the court as stated above.

Again, it is contended that this writing was merely a proposal to lease the farm of William Svoboda in Kay county, Okla., to William Cihak, and the acceptance not being in writing the instrument is incomplete and within the statute of frauds, and that it never became a binding, legal obligation, and its defects cannot be supplied by parol evidence. On the other hand, it is contended that the writing was not a proposal to lease, but was a lease contract signed by the parties thereto, and a complete and legal contract. Inasmuch as the parties to this writing treated it as a lease and referred to it as a lease, and the plaintiff in error referred to the writing as a lease and treated it as a lease, we think the court below properly held the writing to be a lease contract.

The authorities cited in the brief of the plaintiff in error in support of the proposition that the writing was within the statute of frauds and, not being complete, parol evidence was not admissible to supply its defects, are not applicable, for the reason that the writing, properly construed, must be held to be a lease signed by the parties, and therefore not within the statute of frauds. The correctness of this view is strengthened by the fact that none of the parties to the transaction were misled by the misdescription of the land in the writing. Svoboda owned only one farm in Kay county, Okla., and all of the parties understood that this writing was a lease to Cihak on that farm, and all treated it as such until the plaintiff in error discovered the defects in the description about the time he accepted the warranty deed for the place. At any rate, if there was uncertainty or ambiguity in the writing, parol evidence was admissible to explain it. *Richardson v. Chatfield,* 36 Okla. 700, 129 Pac. 728.

Again, it is contended that the rule of law is that the terms and conditions of a written contract for the sale of land are merged in a deed executed and delivered in pursuance thereof, and that under this rule the contract of sale between the plaintiff in error and Svoboda, which contained the stipulation that he should purchase the farm subject to the lease, was merged in the warranty deed, subsequently executed, which made no reference to this lease, and therefore he cannot be held liable in this action. This rule is correct, but the conclusion is wrong, for the reason that the rule is not applicable to the facts of this case, since Cihak was not a party to the written contract for the sale of the farm. William Svoboda and the plaintiff in error could not by a transaction in which Cihak was not a party dispose of his rights in the lease to his detriment, without his knowledge or consent.

Again, complaint is made of instructions Nos. 4 and 6 of the court's instructions to the jury, and it is claimed that they prescribed two different rules for the measure of damages in the cause; that in No. 4 the jury were told that the measure of damages was the fair market value of the leasehold estate under the terms of the lease, and such additional amount as would fairly

compensate the plaintiff for his outlay in his efforts to obtain possession of the leased property, that is, his expenses to and from Oklahoma, and his loss of time during the time he was making an effort to secure the possession of the land, "in the manner and form as the court will hereinafter instruct you." And in No. 6 the court told the jury that if they found for the plaintiff he would not be entitled to any amount for loss of time or expenses incurred for board in coming to Oklahoma at the time he did.

It occurs to us that these instructions, taken together, were understood by the jury in the sense that the court intended, and that the jury were not misled thereby. This is evident by the amount of the verdict, which was $650. The evidence showed that Cihak's interest in the lease was worth $200 per year net to him, and for three years this would amount to $600. And it further appears that his railroad fare from Illinois to Oklahoma, and other expenses incurred, amounted to a total of $89.

This action briefly stated, is as follows: The plaintiff in error entered into a written contract with the owner of the Kay county farm, whereby he agreed to purchase it subject to the defendant in error's lease thereon; he purchased the farm and did not take care of the lease, but rented the farm to another tenant. Under the law he was liable to the defendant in error for the damages sustained by reason of the failure to protect his lease.

The rules of law arising upon the issues were fairly stated by the court in the instructions to the jury. The evidence is sufficient to support the verdict.

We recommend that the exceptions be overruled and the judgment appealed from be affirmed.

By the Court: It is so ordered.